1    THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

9    PAUL CLARK,                          )
                                          )
10                    Plaintiff,          )
                                          )    Case No. 2:14-cv-01412-TSZ
11        v.                              )
                                          )    **PRETRIAL ORDER**
12   GOLDEN SPECIALTY, INC. and SCOTT     )
     SWIGGARD,                            )    TRIAL DATE: OCTOBER 31, 2016
13                                        )
                      Defendants.         )
14                                        )

15

16        Pursuant to the Court's April 4, 2016 Minute Order (Dkt. No. 56), LCR 16(i), and LCR

17   16.1, Defendants Golden Specialty, Inc. ("Golden") and Scott Swiggard (collectively,

18   "Defendants"), and Plaintiff Paul Clark ("Plaintiff") (collectively, the "Parties") submit the

19   following Joint Proposed Pretrial Order.

20                          **I. FEDERAL JURISDICTION**

21        The Court has subject matter jurisdiction in this matter under 29 U.S.C. § 1331 because

22   Plaintiff has alleged claims under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* The

23   Court also has supplemental jurisdiction over the remaining claims under 29 U.S.C. § 1367.

24                              **II. ADMITTED FACTS**

25        The following facts are admitted by the Parties:

26        1.    Golden employed Clark at its Bellingham, Washington office from June 30,

27   2011, until November 18, 2013.

PRETRIAL ORDER - 1
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

2. Plaintiff's direct supervisor at the time of his hire was Ron McCulloch, who then held the title of Business Development Manager.

3. Clark's offer letter from Golden described his duties as "the office's technical leader, major point of contact with established clients, and will work with the Business Development Manager and Regional staff to secure new clients, train and supervise team members and to maintain corporate business processes."

4. Plaintiff was hired as a Project Manager by Elemental Air, Inc. on December 2, 2013.

5. Plaintiff's salary at Elemental Air, Inc. was higher than the salary he received at Golden.

## III. ISSUES OF LAW

A. Defendants submit that the issues of law are as follows:

1. Whether Plaintiff was properly classified as an exempt employee under the executive, administrative, or learned professional exemptions of the Fair Labor Standards Act.

2. Whether Defendants changed the terms of Plaintiff's employment because of Plaintiff's complaints about his exempt classification under the Fair Labor Standards Act.

3. Whether Defendants performed their obligations under Plaintiff's offer letter with regard to Plaintiff's compensation.

4. Whether Defendants defamed Plaintiff with regard to the statements about "partial truths and lies under the guise of questions," Ex. 3 to Swiggard Decl., Dkt. No. 71-1, and "types of lies that caused... grief," Ex. 20 to Lipscomb Decl., Dkt. No. 72-1.

5. Whether Plaintiff had a contract for continued employment with Elemental Air, and whether Defendants interfered with Plaintiff's contract for employment with Elemental Air.

6. Whether Defendants terminated Plaintiff in violation of public policy because of his complaints about safety concerns in the workplace.

PRETRIAL ORDER - 2
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

B.     Plaintiff submits the following issues of law.

None. The court has already determined all issues of law per orders Doc. 92 and Doc. 97.

## IV.  PLAINTIFF'S CLAIMS

At trial, the Plaintiff will pursue the following claims:

1.     Violation of the Fair Labor Standards Act (FLSA) in:

    a.     Failure to pay overtime wages to Plaintiff although he was not exempt, and

    b.     Retaliation against Plaintiff for reporting violations of the Fair Labor Standards Act;

2.     Breach of contract with regards to Plaintiff's employment agreement with Defendant as to salary increases;

3.     Tortious interference with contract in Defendant intentionally causing the loss of Plaintiff's employment with Elemental Air;

4.     Defamation in Swiggard's statements about "partial truths and lies under the guise of questions," Ex. 3 to Swiggard Decl., Dkt. No. 71-1, and "types of lies that caused... grief," Ex. 20 to Lipscomb Decl., Dkt. No. 72-1.;

5.     Violation of the Minimum Wage Act, RCW 49.46 for failure to pay all compensation and benefits due, including overtime and salary increase, and plaintiff's entitlement to double damages; and

6.     Wrongful discharge in violation of public policy.

## V.  DEFENDANTS' AFFIRMATIVE DEFENSES

Without withdrawal or waiver of any aspect of any of their thirteen (13) affirmative defenses, Defendants briefly summarize the following affirmative defenses, which they anticipate that they will rely upon at trial:

1.     **Third Affirmative Defense – Legitimate Business Reasons.** Defendants will establish that the decision to terminate Plaintiff's employment was based on a legitimate, non-

PRETRIAL ORDER - 3
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

128874.0001/6785810.1

discriminatory reason, and no discriminatory or retaliatory factors motivated Defendants' actions towards Plaintiff.

2. **Fourth Affirmative Defense – Failure to Mitigate Damages.** Defendants will establish that even if Plaintiff engaged in some mitigation efforts at some points after his termination, he did not adequately mitigate damages for all relevant periods of time.

3. **Seventh Affirmative Defense – Same Employment Action in Absence of Protected Activity.** Defendants will establish that even if Plaintiff establishes a prima facie case of retaliation, Defendants would have taken the same action even in the absence of Plaintiff's engagement in protected activity.

4. **Eighth Affirmative Defense – Good Faith Defense.** Defendants will establish that even if Plaintiff is able to show that he was misclassified as an exempt employee, Defendants reasonably determined that Plaintiff met one or more of the Fair Labor Standards Act exemptions.

5. **Twelfth Affirmative Defense – After Acquired Evidence.** Defendants will establish that they would have terminated Plaintiff's employment based on evidence acquired after his termination.

## VI. **PLAINTIFF'S WITNESSES**

Without waiving and fully reserving their right to add to, subtract from, or otherwise revise this witness list, Plaintiff identifies the following trial witnesses.

**A. Expert Witnesses.**

Plaintiff will not be calling any expert witness.

**B. Fact Witnesses.**

**1. Paul Clark, Plaintiff, c/o counsel for Plaintiff.**

Plaintiff Clark will offer testimony regarding all claims, defenses, and damages; including but not limited to his job duties at Golden Specialty; his qualifications for his position; his education and training to perform his work; his rate of pay; his work week hours;

PRETRIAL ORDER - 4
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  the structure of the Northwest office; the projects worked on during his employment with
2  Golden; his chain of command above and below him; 2013 changes to his chain of command;
3  his communications with Golden Specialty employees and managers regarding unsafe working
4  conditions; his communications with state regulators regarding unsafe working conditions; his
5  concerns regarding unsafe working conditions; his communications and concerns regarding
6  lack of overtime pay; his communications and concerns regarding possible data falsifications;
7  his attendance at meetings as required; his subordinates' concerns regarding pay and working
8  conditions; his economic loss as a result of Defendants' failure to pay him overtime; his
9  economic loss as a result of Defendants' failure to pay him promised pay increases; his
10  economic loss as a result of Defendants' termination of him; his economic loss as a result of his
11  loss of employment with Elemental Air; his job search efforts to obtain replacement
12  employment; his emotional and mental state after the loss of his employment; and his
13  knowledge of Golden's efforts to defame him to third parties.

14  **2.    Tawny Clark, Plaintiff's Wife, c/o counsel for Plaintiff.**

15  Mrs. Clark will offer testimony regarding her relationship with Plaintiff Paul Clark; her
16  ability to observe Clark on a day to day basis in 2012-2015; her observations of Clark's
17  emotional and mental state at the time of his termination from employment with Defendants;
18  her observations of Clark's emotional and mental state in the months following his termination;
19  her observations of Clark's emotional and mental state in the months following his separation
20  from employment with Elemental Air; impacts to the family finances as a result of the
21  terminations of Paul Clark.

22  **3.    Geoff Resney, Former Golden Employee, 219-765-3425.**

23  Mr. Resney may offer testimony regarding his job duties with Defendant Golden; his
24  interactions with Paul Clark; his knowledge of Clark's job duties; his own job duties; his pay
25  structure; challenges to his pay structure; Mr. Resney's observations of Clark's interactions
26  with his supervisors; Mr. Resney's observations of Clark's interactions with clients;

27

PRETRIAL ORDER - 5
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

1  Mr. Resney's observations of Clark on the job site; Golden's stated reasons for terminating

2  Mr. Resney.

3      **4.      Holly Faulstitch, Former Golden Employee, 360-808-2605 – possible witness**

4  **only.**

5      Ms. Faulstitch may offer testimony regarding her qualifications for the position for

6  which she was hired; her duties with Defendant Golden; her observations of the duties of Paul

7  Clark; her chain of command and oversight of her by Karen Swiggard; her working relationship

8  with Paul Clark; her observations of Clark's interactions with clients; her observations of

9  Clark's interactions with Golden Specialty employees; her knowledge of the Department of

10  Labor investigations and filings; her knowledge of workplace safety concerns and Golden

11  Specialty's response to same.

12      **5.      Sebastian Wolfendale, Former Golden Employee, 222 Flora St.,**

13  **Bellingham, WA 98225, 425-802-0794.**

14      Mr. Wolfendale may offer testimony regarding his qualifications for the position for

15  which he was hired; his duties with Defendant Golden; his observations of the duties of Paul

16  Clark; his chain of command; his working relationship with Paul Clark; his observations of

17  Clark's interactions with clients; his observations of Clark's interactions with Golden Specialty

18  employees; his knowledge of the Department of Labor investigations and filings; his

19  knowledge of workplace safety concerns and Golden Specialty's response to same. Mr.

20  Wolfendale will also testify as to Clark's work at Elemental, the fact that Clark secured work

21  for Elemental and laid the groundwork for the future work performed by Elemental. Mr.

22  Wolfendale will offer testimony regarding the reasons for Clark's termination from Elemental.

23      **6.      William Martin, Former Golden Employee, 2120 Michigan St., Bellingham,**

24  **WA 98229 – possible witness only.**

25      Mr. Martin may offer testimony regarding his qualifications for the position for which

26  he was hired; his duties with Defendant Golden; his observations of the duties of Paul Clark;

27

PRETRIAL ORDER - 6
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

his chain of command; his working relationship with Paul Clark; his observations of Clark's interactions with clients; his observations of Clark's interactions with Golden Specialty employees; his knowledge of the Department of Labor investigations and filings; his knowledge of workplace safety concerns and Golden Specialty's response to same; his termination from Golden Specialty.

**7.     Brian Durkop, 952-303-1969 – possible witness only/live or via deposition.**

Mr. Durkop may offer testimony regarding Paul Clark's work for Elemental, his communications with Mr. Swiggard regarding Paul Clark, the limitations of Clark's ability to pursue clients due to Swiggard's repeated threatening contacts.

**8.     Scott Swiggard, President, Golden Specialty, c/o counsel for Defendants.**

Mr. Swiggard will offer testimony regarding his knowledge of Clark's disclosures regarding Defendant's FLSA/MWS violations; his knowledge of Plaintiff's reports regarding workplace safety; and possible data falsification; Plaintiff's work assignments; Plaintiff's positive performance; and the stated reasons for Swiggard's termination of Plaintiff. Other topics may be reserved for cross examination.

**9.     Karen Swiggard, CFO, Golden Specialty, c/o counsel for Defendants.**

Mrs. Swiggard will offer testimony regarding her knowledge of Defendant's business and operations as well as communications and information about Plaintiff's duties, position, complaints, performance, and termination. Other topics may be reserved for cross examination.

**10.     Ron McCulloch, Business and Logistical Development Manager, Golden Specialty, c/o counsel for Defendants.**

Mr. McCulloch will offer testimony regarding his knowledge of Clark's disclosures regarding Defendant's FLSA/MWA violations; his knowledge of Plaintiff's reports regarding workplace safety; and possible data falsification; Plaintiff's work assignments; Plaintiff's positive performance; and the stated reasons for Swiggard's termination of Plaintiff. Witness will also offer testimony regarding the failure of Swiggard to confer with him as to the

PRETRIAL ORDER - 7
Case No. 2:14-cv-01412-TSZ

1    termination of Clark and Swiggard's removal of Clark from McCulloch's chain of command. .

2    Other topics may be reserved for cross examination.

3    **11.    Troy Burrows, former Safety and Quality Assurance Manager, Golden**

4    **Specialty, c/o counsel for Defendants.**

5        Mr. Burrows will offer testimony regarding his observations of the reports of Clark

6    during the November 2013 lunch that preceded the termination of Clark, his role in the

7    concerns of Clark regarding data falsification in the summer and fall of 2013, his observations

8    of lax compliance with his predecessor and Golden.  Other topics may be reserved for cross

9    examination.

10

11        12.    **Shaun Farris, current address unknown: Last known contact 540-494-0377.**

12        Mr. Farris may offer testimony regarding: his qualifications for the position for which

13    he was hired; his duties with Defendant Golden; his observations of the duties of Paul Clark;

14    his chain of command; his working relationship with Paul Clark; his observations of Clark's

15    interactions with clients; his observations of Clark's interactions with Golden Specialty

16    employees; his knowledge of the Department of Labor investigations and filings; his

17    knowledge of workplace safety concerns and Golden Specialty's response to same.

18

19                        **VII. DEFENDANTS' WITNESSES**

20        Without waiving and fully reserving their right to add to, subtract from, or otherwise

21    revise this witness list, Defendants identify the following trial witnesses:

22    **A.    Expert Witnesses.**

23        Defendants will not be calling any expert witness retained or specially employed to

24    provide expert testimony in this case.

25

26

27

PRETRIAL ORDER - 8
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

**B.     Fact Witnesses.**

     **1.   Scott Swiggard, President, Golden Specialty, c/o counsel for Defendants.**

       Mr. Swiggard will testify at trial regarding Plaintiff's duties and exempt status while employed at Golden; Plaintiff's offer letter and the terms of compensation; Golden's policies and standard operating procedures, as well as Plaintiff's failure to adhere to those policies and procedures; his supervision of and interaction with Plaintiff; Plaintiff's duties and responsibilities; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance, including third-party concerns regarding Plaintiff; Plaintiff's failure to consistently participate in management meetings and related manager activities; the reasons for Plaintiff's termination and the events of November 18, 2013; the statements he made about Plaintiff following Plaintiff's termination; communications with Elemental Air, Inc. and STAC; and other issues related to liability and damages.

     **2.   Karen Swiggard, CFO, Golden Specialty, c/o counsel for Defendants.**

       Mrs. Swiggard will testify at trial regarding Plaintiff's financial performance; Golden's policies and standard operating procedures; her role overseeing timekeeping, pay, and accounting matters; her observations concerning the termination of Plaintiff's employment and the events of November 18, 2013; Plaintiff's failure to perform his obligations under his offer letter; and other issues related to liability and damages.

     **3.   Ron McCulloch, Business and Logistical Development Manager, Golden Specialty, c/o counsel for Defendants.**

       Mr. McCulloch will testify at trial regarding Plaintiff's duties and exempt status while employed at Golden; Plaintiff's offer letter and the terms of his compensation; Golden's policies and standard operating procedures, as well as Plaintiff's failure to adhere to those policies and procedures; his supervision of and interactions with Plaintiff; Plaintiff's duties and responsibilities in the Bellingham office, including the factual circumstances of his supervisory relationship with Plaintiff during his employment; Plaintiff's attendance and availability

PRETRIAL ORDER - 9
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; Plaintiff's failure to consistently participate in management meetings and related manager activities; the reasons for Plaintiff's termination; and other issues related to liability and damages.

**4.      Paula Metz, Reports Department Manager, Golden Specialty, c/o counsel for Defendants.**

Ms. Metz will testify at trial regarding Golden's protocol for preparing testing reports; her interactions with clients regarding testing reports; Golden's policies and standard operating procedures and Plaintiff's failure to adhere to those policies and procedures; her interaction with Plaintiff; Plaintiff's duties and responsibilities with regard to data reporting; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; Plaintiff's failure to consistently participate in management meetings and related manager activities; and other issues related to liability and damages.

**5.      Troy Burrows, former Safety and Quality Assurance Manager, Golden Specialty, c/o counsel for Defendants.**

Mr. Burrows will testify at trial regarding his roles as QA/Safety Manager and Chief Operating Officer at Golden; Golden's policies and standard operating procedures; Plaintiff's failure to adhere to those policies and procedures; the System Improvement Plan ("SIP") process and SIPs prepared by or in connection with Plaintiff; alleged data falsification at the AES project; his interaction with Plaintiff, including in connection with Plaintiff's termination on November 18, 2016; Plaintiff's duties and responsibilities; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; and other issues related to liability and damages.

PRETRIAL ORDER - 10
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

**6.     Sara Williams, former Human Resources Coordinator, Golden Specialty, c/o counsel for Defendants.**

Ms. Williams will testify at trial regarding Plaintiff's exempt status while employed at Golden; Golden's human resource department and its operations; Golden's policies and standard operating procedures and Plaintiff's failure to adhere to those policies and procedures; her interaction with Plaintiff; Plaintiff's duties and responsibilities as a supervisor of the Bellingham office; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; and other issues related to liability and damages.

**7.     Scott Chestnut, former Project Manager for Golden Specialty, c/o counsel for Defendants.**

Mr. Chesnut may testify in person or via deposition excerpt regarding Golden's policies and standard operating procedures; Golden's client relationship with AES; alleged data falsification issues and communications with third-parties re the same; his interaction with Plaintiff; Plaintiff's duties and responsibilities; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; Plaintiff's alleged safety complaints; and, other issues related to liability and damages.

**8.     Jennifer Craft, former Human Resources Coordinator, Golden Specialty, c/o counsel for Defendants.**

Ms. Craft will testify at trial via deposition regarding Plaintiff's exempt status while employed at Golden; Golden's human resource department and its operations; Golden's policies and standard operating procedures and Plaintiff's failure to adhere to those policies and procedures; her interaction with Plaintiff; Plaintiff's duties and responsibilities as a supervisor of the Bellingham office; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; and other issues related to liability and damages.

PRETRIAL ORDER - 11
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128874.0001/6785810.1

1

2

**9.    Myrthala Guerrero, former Safety and Quality Assurance Manager, Golden Specialty, c/o counsel for Defendants.**

3

4

5

6

7

Ms. Guerroro will testify via deposition excerpt regarding Golden's Qualtity Assurance and safety protocols; the responsibilities of regional managers to ensure safety in their respective offices; Plaintiff's attendance and availability problems; Plaintiff's supervision of employees in the Bellingham office; Plaintiff's job performance; and other issues related to liability and damages.

8

9

10

**10.    Brian Durkop, President, Elemental Air, Inc., c/o Colton Long, Ogletree, Deakins, Nash, Smoack & Stewart, P.C., 90 South Street, Suite 3800, Minneapolis, MN 55402.**

11

12

13

14

15

16

Mr. Durkop may testify in person or via deposition excerpt regarding Plaintiff's employment as the Northwest Regional Testing Manager at Elemental Air, Inc. from December 2013 until June 2014, Plaintiff's failure to perform his obligations as the Northwest Regional Testing Manager during this time, the reasons for Plaintiff's termination from Elemental Air, the statements Mr. Swiggard made to Mr. Durkop about Plaintiff, and other issues related to liability and damages.

17

**11.    Paul Clark, Plaintiff, c/o Plaintiff's counsel.**

18

19

20

21

22

23

24

25

Mr. Clark will testify at trial, including via deposition excerpt, regarding his prior employment background experience, his duties and exempt status while employed at Golden, his offer letter from Golden and terms of compensation, Golden's policies and standard operating procedures and his failure to adhere to those policies and procedures, his alleged safety complaints, his termination, his employment as the Northwest Regional Testing Manager at Elemental Air, Inc. from December 2013 until June 2014, his failure to perform his obligations as the Northwest Regional Testing Manager during this time, the reasons for his termination from Elemental Air, Inc., and other issues related to liability and damages.

26

27

PRETRIAL ORDER - 12
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

**12.   Jennifer Berrell or a Corporate Representative of BP Cherry Point.**

Jennifer Berrell or a corporate representative of BP Cherry Point ("BP") may be called to testify concerning Golden and Plaintiff's work at the Cherry Point Refinery from 2012-2013.

**Plaintiff opposes the testimony by deposition of Scott Chesnut or any other witness within 100 miles of this court.**

## VIII. EXHIBITS

Without waiving and fully reserving their right to add, subtract from, or otherwise revise their exhibit lists:

1.   Defendants identify the trial exhibits listed in the attached Exhibit A, and to each exhibit Plaintiff lodged applicable objections, and

2.   Plaintiff identifies the trial exhibits listed in the attached Exhibit B, and to each exhibit Defendants lodged applicable objections.

Defendants do not currently intend to present exhibits in electronic format to jurors.

## IX. ACTION BY THE COURT

1.   This case is scheduled for trial before a jury on October 31, 2016, at 9:00 a.m.

2.   Trial briefs shall be submitted to the Court on or before October 11, 2016.

3.   Jury instructions requested by either party shall be submitted to the Court on or before October 11, 2016. Suggested questions of either party to be asked of the jury by the Court on voir dire shall be submitted to the Court on or before October 11, 2016.

4.   Docket Numbers 92 and 97 shall control the subsequent course of the action unless modified by a subsequent order. These orders shall not be amended except by order of the Court pursuant to agreement of the parties, or to prevent manifest injustice.

PRETRIAL ORDER - 13
Case No. 2:14-cv-01412-TSZ

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

128874.0001/6785810.1

1    DATED: October 11, 2016

2
                                    LANE POWELL PC
3

4
                              By    s/ Charles P. Rullman
5                                   D. Michael Reilly, WSBA No. 14674
                                    reillym@lanepowell.com
6                                   Rudy A. Englund, WSBA No. 04123
                                    englundr@lanepowell.com
7                                   Charles P. Rullman, WSBA No. 42733
                                    rullmanc@lanepowell.com
8                                   Kelly M. Lipscomb, WSBA No. 43022
                                    lipscombk@lanepowell.com
9                                   Attorneys for Defendants Golden Specialty, Inc.
                                    and Scott Swiggard
10

11

12                                  LAW OFFICE OF S.L. AYERS

13

14                            By    s/ Stephani L. Ayers
                                    Stephani L. Ayers, WSBA No. 31610
15                                  stephani@whistleblowerdefenders.com
                                    Attorneys for Plaintiff
16

17
     DATED this 14th day of October, 2016.
18

19                                  

20
                                    Thomas S. Zilly
21                                  United States District Judge

22

23

24

25

26

27
     PRETRIAL ORDER - 14                              LANE POWELL PC
     Case No. 2:14-cv-01412-TSZ               1420 FIFTH AVENUE, SUITE 4200
                                                        P.O. BOX 91302
                                              SEATTLE, WA  98111-9402
                                              206.223.7000  FAX: 206.223.7107
     128874.0001/6785810.1

**EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT**

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-1 | GS_000090-155 | Various | Paul Clark Paychecks and Paycheck Statements | X | | | |
| A-2 | GS_001283-1285 | Undated | Resume of Paul Clark | X | | | |
| A-3 | GS_000601-602 | 08/08/02 | Job Description – Project Manager Emissions Testing | | X | | |
| A-4 | GS_000001-34 | 06/23/09 | Golden Specialty Employee Handbook and Policy Guide | X | | | |
| A-5 | GS_001286-1289 | 06/01/11 | Application for Employment – Clark | X | | | |
| A-6 | GS_00002387-2388 | 06/13/11 | Offer letter to Clark from Swiggard | X | | | |
| A-7 | GS_001249 | 06/15/11 | Employee Handbook Acknowledgement Form signed by Clark | X | | | |
| A-8 | GS_001262 | 06/27/11 | Equipment Issued to Employees form – Clark | X | | | |
| A-9 | GS_009163-9167 | 10/05/11 | Email from Clark to McCulloch re Paula Metz handling of data and post test field work | | X | | |
| A-10 | GS_00003372-3376 | 11/02/11 | Email from McCulloch to Swiggard re Clark status change form; request for salary adjustment | X | | | |
| A-11 | GS_000035-66 | 01/18/12 | Golden Specialty Employee Handbook and Policy Guide | X | | | |
| A-12 | GS_001248 | 01/19/12 | Acknowledgement of reading, signing and agreeing to abide by 2012 revised Golden Specialty Travel and Expense Policy | | X | | |
| A-13 | GS_00003377-3378 | 01/31/12 | Email from McCulloch to Clark re potential hires | X | | | |
| A-14 | PC B.2 F.1 12-14/197 | 03/06/12 | Email from McCulloch to Clark re Intalco March 2012 POM source testing | X | | | |
| A-15 | PC B.2 F.1 16-17/197 | 03/09/12 | Email from McCulloch to Clark re vent hood | X | | | |
| A-16 | GS_011598 | 03/29/12 | Email from Guerrero to P. Perrone re Hood | X | | | |
| A-17 | PC B.2 F.1 27-31/197 | 04/04/12 | Email from McCulloch to P. Perrone, R. Fortson, cc: Guerrero, Clark re Bellingham vent hood | X | | | |

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-18 | GS_011657 | 04/05/12 | Email from Swiggard to Clark, McCulloch, Craft, cc: Guerrero re NCCAR response and clarification | X | | | |
| A-19 | PC B.2 F.1 34/197 | 04/16/12 | Email from Guerrero to Clark re fume hood | X | | | |
| A-20 | GS_012586-12589 | 04/18/12 | Email from P. Perrone to Guerrero, Clark, McCulloch re fume hood for NW | | X | | |
| A-21 | PC F.3 20/101 | 04/18/12 | Email from Farris to Craft, Clark re time off request | X | | | |
| A-22 | GS_00001618-1622 | 04/18/12 | Email from McCulloch to Clark, Craft re timekeeping policy updates | X | | | |
| A-23 | GS_00001633-1637 | 06/07/12 | Email from McCulloch to Clark, Craft re timesheet, concerns re exempt status | X | | | |
| A-24 | PC B.2 F.1 67-68/197 | 06/08/12 | Email from T. Kaiser to Clark attaching fume hood purchase order | X | | | |
| A-25 | GS 012024 | 06/12/12 | Quotation for fume hood | X | | | |
| A-26 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-27 | PC F.3 19-20/101 | 07/03/12 | Emails from Wolfendale and Ferris to Clark re time off request | X | | | |
| A-28 | GS_011632-11634 | 07/12/12 | Email from Guerrero to T. Kaiser re safety training, vent hood | | X | | |
| A-29 | GS_006212-6213 | 07/16/12 | Email from Clark to Craft re timesheet, field hours | X | | | |
| A-30 | GS_011648-11650 | 07/16/12 | Email from Guerrero to McCulloch, Clark re NW Hood | | X | | |
| A-31 | GS_012797-12801 | 07/16/12 | Email from Guerrero to Clark, McCulloch, cc: Swiggard, P. Turner, P. Perrone re NW fume hood | | X | | |
| A-32 | GS_012027-12029 | 07/16/12 | Email from Swiggard to Guerrero; cc: P. Perrone re vent hood | | X | | |
| A-33 | GS_012807-12817 | 08/07/12 | Email from Clark to McCulloch re timekeeping and overtime pay; attaching WA DOL Overtime policy | X | | | |
| A-34 | GS_00001638-1639 | 08/07/12 | Email from McCulloch to Craft re Clark concerns re overtime pay | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 2
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-35 | GS_011511 | 08/29/12 | Email from McCulloch to Clark, Craft re time off request form | X | | | |
| A-36 | GS_013363-13364 | 09/07/12 | Email from Clark to T. Kaiser, S. Farris, S. Wolfendale re weekend premium | | X | | |
| A-37 | PC B.2 F.1 172-178/197 | 09/25/12 | Email from Guerrero to Clark, cc: McCulloch, Swiggard re US DOT Letter re S. Farris | | X | | |
| A-38 | PC F.3 28-29/101 | 10/25/12 | Email from McCulloch to Clark, Resney re time sheet and field log idea | X | | | |
| A-39 | GS_00002647-2650 | 11/01/12 | Email from Craft to McCulloch forwarding emails between Clark and Craft re time sheet and overtime hours | X | | | |
| A-40 | PC F.3 86/101 | 12/05/12 | Email from Craft to Clark, cc: McCulloch re timesheet approval | X | | | |
| A-41 | PC F.3 88/101 | 12/06/12 | Email from Craft to Ferris, Clark re timesheet approval | X | | | |
| A-42 | EA000007-9 | 01/01/13 | Employment Agreement between Clark and Elemental Air | | X Dup 227 | | |
| A-43 | GS_009104-9106 | 01/11/13 | Email from Swiggard to Clark, cc: McCulloch re Bellingham lease | X | | | |
| A-44 | GS_009099-9100 | 01/14/13 | Email from Clark to McCulloch re suggestions on things to do differently | X | | | |
| A-45 | GS_00002627-2631 | 01/17/13 | Email from Clark to McCulloch re staffing of projects | | X | | |
| A-46 | Intentionally Blank | -- | Intentionally Blank | X(will be P's exhibit) | | | |
| A-47 | PC B.2 F.7 22/265 | 01/24/13 | Email from McCulloch to Clark, cc: Guerrero re safety issue | | | | |
| A-48 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-49 | PC B.2 F.7 29-32/265 | 01/28/13 | Email from Guerrero to Clark, cc: Swiggard, McCulloch re safety issue | X | | | |
| A-50 | GS_013056-13061 | 01/28/13 | Email from McCulloch to Swiggard, Clark, Guerrero re fume hood for NW | XC | | | |

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-51 | GS_00002622-2626 | 01/30/13 | Email from Swiggard to Clark, cc: McCulloch re applicants | X | | | |
| A-52 | GS_006131 | 02/01/13 | Email from Swiggard to McCulloch, cc: Craft re Clark working from home | X | | | |
| A-53 | GS_008841-8846 | 02/01/13 | Email from Swiggard to McCulloch re manager meeting notes | X | | | |
| A-54 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-55 | GS_012407-12410 | 02/04/13 | Email from Guerrero to Clark, cc: McCulloch re eye wash | X | | | |
| A-56 | GS_013049 | 02/04/13 | Email from McCulloch to Swiggard, cc: Clark re vent hood on order | X | | | |
| A-57 | GS_012293-12297 | 02/05/13 | Email from Guerrero to Swiggard, cc: Clark, McCulloch re Methylene Chloride | X | | | |
| A-58 | GS_012308-12312 | 02/05/13 | Email from Guerrero to Swiggard, cc: Clark, McCulloch re Methylene Chloride | | X (Dup) | | |
| A-59 | GS_012313-12317 | 02/05/13 | Email from Clark to McCulloch, cc: Swiggard re Methylene Chloride | X | | | |
| A-60 | GS_008778-8782 | 02/11/13 | Email from Guerrero to McCulloch re methylene chloride | X | | | |
| A-61 | PC B.2 F.7 142-149/265 | 02/14/13 | Email from Guerrero to Clark, McCulloch, Swiggard re methylene chloride | X | | | |
| A-62 | GS_012271 | 02/16/13 | Email from Swiggard to McCulloch re open management issues | X | | | |
| A-63 | GS_012988-12989 | 02/19/13 | Email from McCulloch to Swiggard re open management items - snapshot | X | | | |
| A-64 | GS_008596-8599 | 02/21/13 | Email from Clark to Craft, McCulloch, cc: Guerrero re Ferris unemployment claim based on safety concerns | X | | | |
| A-65 | GS_011594 | 02/26/13 | Email from Swiggard to Guerrero; cc: K. Swiggard re hood and monitoring | X | | | |
| A-66 | GS_00002574-2578 | 02/27/13 | Email from Clark to McCulloch, cc: Swiggard, K. Swiggard, Craft re Holly, "Paul's call as to what works best" | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 4
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-67 | PC B.2 F.7 176-178/265 | 02/27/13 | Email from Guerrero to Clark, cc: Swiggard re hoods | | X (cum. As in A-69) | | |
| A-68 | PC B.2 F.7 156/265 | 02/27/13 | Email from Guerrero to Clark, cc: Swiggard re hoods | | X (cum. As in A-69) | | |
| A-69 | PC B.2 F.7 179-182/265 | 02/27/13 | Email from Guerrero to Clark re vent hood | X | | | |
| A-70 | GS_00001935-1938 | 02/27/13 | Email from Clark to McCulloch, Swiggard; cc: K. Swiggard, Craft re staff hires | | X (in A-66) | | |
| A-71 | GS_012264-12265 | 02/28/13 | Email from Clark to McCulloch, R. Fortson re weekly check in | X | | | |
| A-72 | PC B.2 F.7 183/265 | 03/07/13 | Email from Guerrero to Clark re vent hood | X | | | |
| A-73 | PC B.2 F.7 188-189/265 | 03/15/13 | Email from Guerrero to McCulloch, Clark re M23 SOP | X | | | |
| A-74 | GS_008531-8534 | 03/15/13 | Email from Swiggard to McCulloch, cc: Guerrero re lab hood | X | | | |
| A-75 | GS_012211-12212 | 03/18/13 | Email from Faulstich to McCulloch re Anemometer order | X | | | |
| A-76 | GS_012913-12914 | 03/18/13 | Email from McCulloch to Clark re M23 SOP | X | | | |
| A-77 | GS_012915 | 03/18/13 | Email from McCulloch to Faulstich, cc: Clark re fume hood filter | X | | | |
| A-78 | GS_012916-12917 | 03/18/13 | Email from McCulloch to Faulstich re monitor | X | | | |
| A-79 | GS_011397 | 03/19/13 | Email from D. LeRoux to Faulstich re fume hood filter | | X (A-87) | | |
| A-80 | GS_012188-12189 | 03/19/13 | Email from Guerrero to Clark, McCulloch, Swiggard re safety inspection | X | | | |
| A-81 | GS_011402 | 03/20/13 | Email from Clark to Faulstich re working out of office | X | | | |
| A-82 | PC B.2 F.7 199-200/265 | 03/21/13 | Email from McCulloch to Faulstich, cc: Clark re TSS/hood | X | | | |
| A-83 | GS_012171-12172 | 03/21/13 | Email from Swiggard to McCulloch re Clark work from home agreement | X | | | |
| A-84 | GS_012155-12158 | 03/22/13 | Email from Swiggard to McCulloch re potential merger and personnel issues | X | | | |
| A-85 | GS_011423 | 03/25/13 | Email from Clark to Faulstich "they are coming today to do ductwork on hood" | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 5
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-86 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-87 | GS_011425-11426 | 03/27/13 | Email from D. LeRoux to Faulstich re fume hood certification | X | | | |
| A-88 | PC B.2 F.7 209-210/265 | 03/27/13 | Email from McCulloch to Clark, cc: Swiggard, Guerrero, K. Swiggard re Washington Final Closeout Meeting for Inspection | X | | | |
| A-89 | PC B.2 F.7 211-212/265 | 03/27/13 | Email from Swiggard to Clark, cc: Guerrero, K. Swiggard, McCulloch re Washington Final Closeout Meeting for Inspection | X | | | |
| A-90 | | 03/27/13 | Email from Guerrero to Swiggard, cc: K. Swiggard, McCulloch, Clark re Washington final closeout meeting for inspection (bates number illegible) | X | | | |
| A-91 | GS_00001777 | 03/28/13 | Employment offer letter from K. Swiggard to Chestnut | X | | | |
| A-92 | GS_012136-12137 | 04/03/13 | Email from Clark to Craft, cc: McCulloch forwarding leave request for calendar | X | | | |
| A-93 | GS_001247 | 04/09/13 | Employee Status Change Form changing supervisor to S. Swiggard | X | [wrong date] | | |
| A-94 | GS_000086 | 04/17/13 | Golden Specialty Organizational Chart | X | | | |
| A-95 | GS_012126-12127 | 04/19/13 | Email from Guerrero to McCulloch re Chesnut and Clark working from home | | X (A-98) | | |
| A-96 | GS_012128 | 04/19/13 | Email from Guerrero to McCulloch re Clark and Chestnut working from home | | X (A-98) | | |
| A-97 | GS_012863-12864 | 04/19/13 | Email from McCulloch to Swiggard re working from home | X | | | |
| A-98 | GS_012868-12869 | 04/19/13 | Email from McCulloch to Guerrero re working from home | X | | | |
| A-99 | GS_00002410-2417 | 04/19/13 | Email from Swiggard to McCulloch re Shaun/Sebastian incident | | X | | |
| A-100 | GS_011503-11504 | 04/22/13 | Email from Clark to Faulstich re roles and responsibilities | X | | | |
| A-101 | PC B.2 F.7 232-233/265 | 04/22/13 | Email from Craft to Clark, cc: McCulloch re Shaun Ferris unemployment hearing | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 6
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-102 | GS_013361 | 04/22/13 | Email from McCulloch to Clark, Chestnut re working from home | X | | | |
| A-103 | GS_012856-12857 | 04/23/13 | Email from McCulloch to Clark re working from home, | X | | | |
| A-104 | PC B.2 F.7 234-235/265 | 04/23/13 | Email from McCulloch to Clark, Craft re DOT logs | X | | | |
| A-105 | GS_006469-6473 | 04/24/13 | Email from Clark to Faulstich re supplies for eyewash | X | | | |
| A-106 | GS_008373-8374 | 04/25/13 | Email from Swiggard to McCulloch re regional management roles | X | | | |
| A-107 | GS_008177 | 05/06/13 | Email from Faulstich to Chesnut, Clark, McCulloch, Guerrero re eyewash | X | | | |
| A-108 | GS_011571-11572 | 05/06/13 | Letter from Guerrero to DOSH re Golden Specialty appeal of violation | | X | | |
| A-109 | GS_00002409 | 05/07/13 | Email from Clark to McCulloch re teamwork | X | | | |
| A-110 | GS_006183 | 05/09/13 | Email from Guerrero to Craft re Paul Clark safety violation notice | | X | | |
| A-111 | PC B.2 F.8 57-58/248 | 06/12/13 | Email from Guerrero to Clark re call with OSHA re eyewash appeal | X | | | |
| A-112 | PC B.2 F.8 60/248 | 06/13/13 | Email from Swiggard to Guerrero, Clark re OSHA call | X | | | |
| A-113 | GS_006528-6529 | 07/09/13 | Email from Guerrero to McCulloch, Clark, Chestnut re eyewash citation vacated | X | | | |
| A-114 | PC B.2 F.8 71-72/248 | 07/17/13 | Email from Metz to Clark re AES info, Cal error for 6/5 | X | | | |
| A-115 | PC B.2 F.8 73-73/248 | 07/19/13 | Email from Faulstich to Clark attaching cal error form from AES | X | (ASSUMING YOU MEAN 73-74/248) | | |
| A-116 | PC B.2 F.8 75-76/248 | 07/19/13 | Email from McCulloch to Clark re AES data sheet errors | | X (A-119) | | |
| A-117 | PC B.2 F.8 73-74/248 | 07/19/13 | Email from Faulstich to Clark attaching AES data sheet | | X (A-115) | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 7
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-118 | GS_00002400-2405 | 07/31/13 | Email from Guerrero to Clark, McCulloch re test plan, suggestion to reiterate policies and procedures | X | | | |
| A-119 | PC B.2 F.8 80-82/248 | 07/31/13 | Email from Swiggard to Clark re Chestnut cal error | X | | | |
| A-120 | PC B.2 F.8 84-86/248 | 07/31/13 | Email from Clark to Guerrero re AES cal error | X | | | |
| A-121 | PC B.2 F.8 91-96/248 | 08/02/13 | Email from Guerrero to Clark re corrective action for Chestnut cal error | X | | | |
| A-122 | PC F.2 1-5/150 | 08/02/13 | Email from Guerrero to Clark re Chestnut cal error | | X (A-121) | | |
| A-123 | GS_00002382-2388 | 08/02/13 | Email from Clark to McCulloch re method deviation document, attaching job offer letter | X | | | |
| A-124 | GS_005106-5107 | 08/06/13 | Email from Clark to McCulloch re weekend pay | X | | | |
| A-125 | GS_013890 | 08/10/13 | Email from Swiggard to McCulloch re discussion with attorney re Clark | | X | | |
| A-126 | PC B.2 F.8 115-117/248 | 08/13/13 | Email from Swiggard to Clark, cc: McCulloch, Burrows re AES project review | X | | | |
| A-127 | GS_006279-6281 | 08/28/13 | Email from Swiggard to Clark, cc: Williams, McCulloch re Wolfendale compensation | X | | | |
| A-128 | GS_014031 | 08/28/13 | Email from McCulloch to Clark re pay inquiry | X | | | |
| A-129 | GS_013537 | 08/30/13 | Email from. K. Swiggard to S. Swiggard "I hear Paul is threatening lawsuits" | X | | | |
| A-130 | PC F.1 138-139/146 | 09/01/13 | Letter from Clark to Whom it May Concern re claim against Golden Specialty for unpaid wages | X | | | |
| A-131 | GS_006278 | 09/02/13 | Email from Clark to Swiggard, cc: McCulloch re Wolfendale compensation and concerns over Clark's pay | X | | | |
| A-132 | GS_00002217-2221 | 09/03/13 | Email from Swiggard to McCulloch forwarding emails between Clark, Swiggard and McCulloch re pay increase for Sebastian and overtime pay | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 8
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---------|----------------------|------|-------------|--------------|------------------------------------------|------------------------|----------|
| A-133 | GS_006142-6145 | 09/10/13 | Email from Swiggard to McCulloch forwarding email between Clark, Swiggard and McCulloch re staffing and travel expenses | X | | | |
| A-134 | GS_00001815-1816 | 09/11/13 | Email from McCulloch to Swiggard, Williams, K. Swiggard re General Manager Overtime Question | | X | | |
| A-135 | GS_013737-13739 | 09/11/13 | Email from Swiggard to Clark, cc: McCulloch re Staffing | X | | | |
| A-136 | GS_006120 | 09/17/13 | Email from Swiggard to Clark invitation to lunch | | X | | |
| A-137 | GS_006128-6130 | 09/21/13 | Email from Clark to Williams re timesheets and payroll; employee morale | X | | | |
| A-138 | GS_013327 | 09/23/13 | Email from Swiggard to Burrows, cc: Clark re NCC Field Audit Reports | X | | | |
| A-139 | GS_012061 | 09/27/13 | Email from Wolfendale to Clark, cc: Williams re time off request | X | | | |
| A-140 | GS_006197-6198 | 09/30/13 | Email from Clark to Swiggard, cc: McCulloch re Nevada Hotels | X | | | |
| A-141 | GS_013266 | 10/02/13 | Email from Williams to Clark, cc: Swiggard re timesheets | X | | | |
| A-142 | GS_001221 | 10/5/13 | Employee Warning Report issued to Clark | | | X | |
| A-143 | GS_00003613-3618 | 10/07/13 | Email from Swiggard to Clark, Williams re PTO/Sick and Timesheets, Clark's supervisory duties | X | | | |
| A-144 | GS_006287-6289 | 10/07/13 | Email from Clark to Swiggard, cc: Williams re Timesheet, federal exemptions for salaried employees | X | | | |
| A-145 | GS_006282-6286 | 10/07/13 | Email from Swiggard to Clark, cc: Williams re timesheet, exempt status | X | | | |
| A-146 | GS_00001804-1808 | 10/07/13 | Email from Swiggard to K. Swiggard forwarding email between Williams and Clark re PTO and Timesheet approval | X | | | |
| A-147 | GS_00003672-3677 | 10/07/13 | Email from Williams to Clark re timesheet supervisory addition | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 9
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---------|----------------------|------|-------------|--------------|----------------------------------------|------------------------|----------|
| A-148 | GS_00003871-3876 | 10/07/13 | Email from Swiggard to Clark, Williams re PTO-Timesheets; Clark's supervision of staff | X | | | |
| A-149 | GS_00002177-2181 | 10/10/13 | Email from Swiggard to Clark, cc: McCulloch, Faulstich re compensation for Sebastian | X | | | |
| A-150 | GS_00002183-2185 | 10/10/13 | Email from Clark to McCulloch, cc: Williams re "for now you are still my boss of record"; attaching job offer letter | X | | | |
| A-151 | GS_014729-14731 | 10/10/13 | Email from Swiggard to Wolfendale, Martin, Clark re Reno fiasco | X | | | |
| A-152 | GS_013653-13654 | 10/10/13 | Email from Swiggard to McCulloch re Reno fiasco | X | | | |
| A-153 | PC B.2 F.8 139-141/248 | 10/14/13 | Email from Burrows to Clark re SIP for failure to follow DOT rules | X | | | |
| A-154 | PC B.2 F.8 142-147/248 | 10/15/13 | Email from Burrows to Clark re Chestnut AES cal error | X | | | |
| A-155 | | 10/15/13 | System Improvement Plan – Trailer driven from Texas to Nevada without following DOT rules (no bates number) | X | | | |
| A-156 | GS_014690-14694 | 10/15/13 | Email from Burrows to Clark re job descriptions; attaching job description for Project Manager – Emissions Testing | X | | | |
| A-157 | GS_011091 | 10/16/13 | Email from Burrows to Clark re calibration error sheet, training for new hires | X | | | |
| A-158 | GS_001242 | 10/16/13 | Email Swiggard to McCulloch, Williams re hires for Nevada Cement project | X | | | |
| A-159 | GS_012065 | 10/16/13 | Employee Time –Off Request Report for Wolfendale | X | | | |
| A-160 | GS_013989-13990 | 10/16/13 | Email from McCulloch to Swiggard re Nevada Cement hires | X | | | |
| A-161 | GS_006265 | 10/20/13 | Email from Clark to Faulstich, cc: K. Swiggard re Nevada Cement invoice | X | | | |
| A-162 | GS_006123 | 10/21/13 | Email from Clark to Swiggard re meeting request | X | | | |
| A-163 | Intentionally Blank | -- | Intentionally Blank | | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 10
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-164 | GS_013395 | 10/23/13 | Email from Clark to W. Martin re time off request | X | | | |
| A-165 | GS_001216 | 10/25/13 | Paystub information for Clark, with note Clark "payroll error" | X | | | |
| A-166 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-167 | 1 page | 10/28/13 | Email from Clark to Williams re timesheet approval | X | | | |
| A-168 | GS_006121 | 10/28/13 | Email from Clark to Swiggard, cc: Williams re update on request to meet | X | | | |
| A-169 | GS_013926 | 10/28/13 | Email from McCulloch to Swiggard re removal of Clark from management to field supervisor role | | | | |
| A-170 | GS_013924-13925 | 10/30/13 | Email from McCulloch to Clark re GC work | X | | | |
| A-171 | GS_001231-1232 | 11/04/13 | Email from Clark to Swiggard, cc: Williams re timesheets, time out of office | X | | | |
| A-172 | GS_011249-11259 | 11/04/13 | Email from Clark to Burrows re AES error follow up - | X | | | |
| A-173 | PC B.2 F.5 265-266/350 | 11/04/13 | Email from Clark to Swiggard , cc: Williams re Paul's time, limit to hours actually in office | X | | | |
| A-174 | PC B.2 F.5 300/350 | 11/04/13 | Email from Clark to M. Parelskin, Williams approving time sheet | X | | | |
| A-175 | PC B.2 F.8 181-187/248 | 11/04/13 | Email from Burrows to Clark re AES error follow up | X | | | |
| A-176 | PC B.2 F.8 188-197/248 | 11/04/13 | Email from Burrows to Clark re AES error follow up | X | | | |
| A-177 | PC B.2 F.8 238-239/248 | 11/04/13 | System Improvement Plan re incorrect data included in report | X | | | |
| A-178 | GS_014676-14677 | 11/05/13 | Email from Burrows to Swiggard re quality issues at the Northwest Office | X | | | |
| A-179 | GS_00003811-3812 | 11/05/13 | Email from Swiggard to K. Swiggard re Paul Annual Review | X | | | |
| A-180 | GS_013504-13506 | 11/05/13 | Email from Swiggard to Faulstich re Paul's office time | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 11
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---------|----------------------|------|-------------|--------------|----------------------------------------|-------------------------|----------|
| A-181 | GS_005973 | 11/07/13 | Email from Clark to Faulstich forwarding email from Durkop | X | | | |
| A-182 | PC B.2 F.5 229/350 | 11/10/13 | Email from Clark to L. Lawson re potential source testing, citing experience testing PSE sites | X | | | |
| A-183 | GS_013576-13577 | 11/11/13 | Email from Swiggard to McCulloch, Burrows re Chestnut 90 day oversight period | X | | | |
| A-184 | GS_006262 | 11/12/13 | Email from Clark to Williams, Wolfendale approving timesheet | X | | | |
| A-185 | PC B.2 F.7 212-213/248 | 11/12/13 | Email from Clark to Metz, cc: Chestnut, Swiggard, Burrows re AES Amended Report | X | (assuming typo and you mean F.8) | | |
| A-186 | PC B.2 F.8 209-211/248 | 11/12/13 | Email from Clark to Burrows re AES amended report | X | | | |
| A-187 | GS_014234 | 11/12/13 | Email from Swiggard to Chestnut re Paul's absence | X | | | |
| A-188 | GS_010549-10552 | 11/13/13 | Email from Swiggard to Burrows re discussion with Clark re Chesnut calibration error | X | | | |
| A-189 | PC B.2 F.8 219/248 | 11/13/13 | Email from Clark to McCulloch re SIP13-057 | | X (unless attached SIP) | | |
| A-190 | PC B.2 F.8 230-236/248 | 11/13/13 | Email from Metz to McCulloch, Swiggard, cc: Clark, Chestnut, Burrows re AES Amended Report | X | | | |
| A-191 | GS_004663-4666 | 11/13/13 | Email from Swiggard to Clark, cc: Burrows, McCulloch re AES Amended Report | X | | | |
| A-192 | PC B.2 F.8 224-227/248 | 11/13/13 | Email from Clark to Burrows re falsified data sheet, discipline for Chestnut | X | | | |
| A-193 | PC B.2 F.8 228-229/248 | 11/13/13 | Email from Clark to Swiggard, cc: Burrows, McCulloch re Scot Chestnut 90 Day Oversight Period | | X (dup) | | |
| A-194 | GS_008067-8068 | 11/13/13 | Email from Metz to Swiggard, cc: McCulloch, Clark, Chestnut, Burrows re AES Amended Report | X | | | |

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-195 | GS_006263 | 11/14/13 | Email from Clark to Wolfendale approving time off | X | | | |
| A-196 | GS_00804S-8047 | 11/14/13 | Email from Swiggard to Clark, cc: Burrows, McCulloch re Scott Chesnut 90 day Oversight Period | X | | | |
| A-197 | GS_014573-14576 | 11/14/13 | Email from Burrows to McCulloch re 90 day oversight plans | X | | | |
| A-198 | PC F.1 140/146 | 11/15/13 | Handwritten termination note from Swiggard to Clark | X | (wrong date) | | |
| A-199 | PC B.2 F.5 44-46/350 | 11/15/13 | Email from Clark to Faulstich, Martin, Wolfendale ""to increase morale. The old line, the beatings will continue until morale improves" | X | | | |
| A-200 | GS_014755-14756 | 11/15/13 | Email from McCulloch to Clark re Sebastian compensation adjustment; "since you don't report to me any longer....I think you are going to have to talk with Scott...." | X | | | |
| A-201 | GS_014753-14754 | 11/15/13 | Email from Williams to Clark, cc: Swiggard, McCulloch re Sebastian's compensation adjustment under review | X | X (A-202) | | |
| A-202 | GS_014660-14662 | 11/16/13 | Email from Swiggard to Burrows forwarding email from Clark re compensation adjustment request for Sebastian | X | | | |
| A-203 | GS_00003808-3810 | 11/16/13 | Email from Swiggard attaching Clark Annual Review | | | X | |
| A-204 | GS_011580 | 11/18/13 | Email from K. Swiggard to Williams re request to lock Clark out of server | | X | | |
| A-205 | GS_013510-13512 | 11/18/13 | Email from Swiggard to K. Swiggard, McCulloch re General Manager Overtime Question | X | | | |
| A-206 | GS_001229 | 11/25/13 | Email from Williams to Clark, cc: Swiggard re overpayment notification | X | | | |
| A-207 | GS_001236-1238 | 11/28/13 | Email from Swiggard to Williams forwarding email to Clark re approval of timesheets | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 13
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-208 | GS_006201 | 11/28/13 | Email from Swiggard to Williams re o Clark re working from home | | X | | |
| A-209 | GS_001235 | 11/29/13 | Email from Swiggard to Williams forwarding email from Swiggard to McCulloch re Clark out of office | X | | | |
| A-210 | EA000003 | 12/02/13 | Job offer letter from Durkop to Clark | X | | | |
| A-211 | GS_006115 | 12/18/13 | Email from Burrows to Swiggard forwarding email of 11/19/13 summarizing Clark termination | | X | | |
| A-212 | GS_004756-4759 | 01/09/14 | Email from Metz to McCulloch, cc: Swiggard, Burrows attaching summary of data sheets found under Paul's desk | | X | | |
| A-213 | GS_005642-5646 | 01/13/14 | Email from Swiggard to STAC Manager re Clark email re accreditation issues | X | | | |
| A-214 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-215 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-216 | GS_004638-4639 | 03/28/14 | Email from Swiggard to McCulloch, cc: Chestnut re Clark email to Patton re removed data sheet | | X | | |
| A-217 | EA000021-22 | 03/30/14 | Email from Clark to Enebo re Clark email to Patton | | X (A-227) | | |
| A-218 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-219 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-220 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-221 | Intentionally Blank | -- | Intentionally Blank | | | | |
| A-222 | EA000024-25 | 06/12/14 | Email from Clark to Durkop forwarding Clark email to L. Cottone | | X (A-227) | | |
| A-223 | EA000015 | 06/13/14 | Notice of Termination letter from Durkop to Clark | | X (A-227) | | |
| A-224 | EA000027 | 07/01/14 | Elemental Air Sales by Customer Detail report for Clark | | X (A-227) | | |
| A-225 | | 2/17/15 | Defendant's First Interrogatories and Requests for Production to Plaintiff and Plaintiff's Answers and Responses Thereto | X | | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 14
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-226 | | 07/28/15 | Notice of Intent to Issue Subpoena and Subpoena to Elemental Air | X | | | |
| A-227 | EA000001-70 | 08/12/15 | Elemental Air's Responses to the Golden Specialty Documents Requested in the Subpoena Duces Tecum, with documents produced; Affidavit of Service | X | | | |
| A-228 | | 11/23/15 | Plaintiff's Answers and Responses to Swiggard's First Interrogatories Nos. 4-7 | X | | | |
| A-229 | | 12/16/15 | Second Amended Complaint | X | | | |
| A-230 | GS_014912-15084 | Various | Golden Specialty Invoices | | | X | |
| A-231 | GS_015085-15094 | 06/11/11 | Golden Specialty Profit & Loss Detail, 6/1/11 through 11/18/13 | | | X | |
| A-232 | GS_015095 | 06/11/11 | Golden Specialty NW Income – monthly totals (232-1); NW invoices – by month (232-2); all NW Invoices 6/11/11 – 11/18/13 (232-3) | | | X | |
| A-233 | GS_015096-15097 | 06/11/11 | Golden Specialty Profit & Loss Detail – Income Totals NW Projects 6/11/11 – 11/18/13 | | | X | |
| A-234 | GS_015098-15159 | 06/11/11 | Golden Specialty Profit & Loss Detail 6/11/11 – 11/18/13 | | | X | |
| A-235 | PC B.10 F.1 1-4 | 03/04/14 | Communication between Clark and U.S. Senator Cantwell re oversight of emission testing contractors | X | | | |
| A-236 | GS_015160-15587 | 11/13/13 | Air Quality Test Report Revision 1.0 for AES Hawaii, Inc. | | X | | |
| A-237 | GS_000677-686 | 08/30/13 | Email from P. Kenish, LNI to Swiggard re General Manager Overtime Question | | X | | |
| A-238 | GS_001368-1519 | Various | Trailer Activity Logs | | X | | |
| A-239 | GS_001520-1572 | Various | Gate Logs | | X | | |
| A-240 | GS_006223 | 09/14/11 | Email from Craft to Clark re hours for last two weeks | | X | | |
| A-241 | GS_006207 | 10/11/11 | Email from Craft to Clark re time for 9/25-9/30 | | X | | |
| A-242 | PC F.3 31/101 | 01/17/12 | Email from Craft to Clark re timesheets for last two weeks | | X | | |
| A-243 | GS_006268-6270 | 03/28/12 | Email from Craft to Clark re payroll | | X | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 15
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|---|
| A-244 | PC F.3 45/101 | 06/06/12 | Email from Craft to Clark re timesheet for weeks of 5/6-5/19 | | X | | |
| A-245 | PC F.3 97/101 | 07/11/12 | Email from Craft to Clark re timehssets | | X | | |
| A-246 | GS_006216 | 01/16/13 | Email from Craft to Clark re timesheets from last two weeks | | X | | |
| A-247 | GS_012896-12897 | 03/21/13 | Email from McCulloch to Swiggard re work from home agreement for Clark | | X | | |
| A-248 | GS_014276 | 08/19/13 | Email from Clark to Williams re 40 hours for office work | | X | | |
| A-249 | GS_006234 | 07/11/13 | Email from Clark to Metz re missing items on data sheets | | X | | |
| A-250 | GS_006127 | 09/30/13 | Email from Clark to Williams re missing timesheets | | X | | |
| A-251 | PC B.2 F.8 133/248-135/248 | 10/10/13 | Email from Swiggard to Clark re lost sheet | | X | | |
| A-252 | PC B.2 F.8 202/248-203/248 | 11/12/13 | Email from Clark to Metz re amended report | | X | | |
| A-253 | PC B.2 F.8 204/248-205/248 | 11/12/13 | Email from Burrows to Clark re AES amended report | | X | | |
| A-254 | PC B.2 F.5 175/350-177/350 | 11/13/13 | Email from Clark to Burrows re false numbers on cal error datasheet | X | | | |
| A-255 | GS_004675-4677 | 01/06/14 | Email from Clark to Szambaris re accreditation issues | X | | | |
| A-256 | GS_000174-673 (excerpts) | Various | Clark payroll summary information 2011-2013 | | X | | |
| A-260 | GS_001109-1110 | 01/02/14 | Memo from Burrows to Swiggard re Documents Discovered Under Paul Clark's Desk After his Termination | | X | | |
| A-261 | GS_011201-11203 | 10/29/13 | Email from Burrows to Clark re QAM | | X | | |
| A-262 | GS_006223 | 09/14/11 | Email from Craft to clark re Timesheets, DOT card | | X | | |
| A-263 | GS006218-6219 | 11/13/13 | Email from Clark to Williams, cc: Swiggard re timesheets for last week | | X | | |
| A-264 | GS_001103-1108 | -- | Customer Feedback Chart | | X | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 16
CASE NO. 2:14-CV-01412-TSZ

| Ex. No. | Prod. No. or No. Pgs. | Date | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---------|----------------------|------|-------------|--------------|------------------------------------------|--------------------------|----------|
| A-265 | GS_015588-15590 | 01/29/15 | Email from McCulloch to Swiggard forwarding email chain re Revised AES Report approval | | X | | |

EXHIBIT A TO DEFENDANTS' PRETRIAL STATEMENT - 17
CASE NO. 2:14-CV-01412-TSZ

## EXHIBIT B TO JOINT PRETRIAL STATEMENT

| Ex. No. | Prod. No. or No. Pgs. | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|
| 1 | GS 013134-013136 | McCulloch to Clark: NW Notes | X | | | |
| 2 | formerly A-46 | Letter from Shawn Ferris re Unresolved Issues | | | X | |
| 3 | GS 009567-9568 | McCulloch to Guerrero email subject "eyewash" | | X | | |
| 4 | GS 3025-3027 | McCulloch to Clark re: method deviation documentation | X | | | |
| 5 | GS 13796-GS 13797 | Swiggard to McCulloch email chain Re NW Income | X | | | |
| 6 | GS 3871- 3876 | Swiggard to Clark, Williams email chain RE PTO/Sick and Timesheets | X | | | |
| 7 | GS 3603 | Clark to Williams Re: Timesheet supervisory addition | X | | | |
| 8 | GS 3835-3836 | Swiggard to McCulloch email | X | | | |
| 9 | GS 3818-3820 | Swiggard to McCulloch email | X | | | |
| 10 | Gs 13586-13590 formerly A-163 | Swiggard to McCulloch re NW lines | X | | | |
| 11 | GS 8122-8125 | Swiggard to McCulloch and Burrows RE: Scott Chesnut 90 day Oversight Period | X | | | |
| 12 | GS 010581-010584 | Swiggard to Jim Stephenson email subject "Fwd: AES Amended Report" | | | X | |
| 13 | GS_00003775-3779 | Swiggard to Williams email subject "Paul Clark's annual review" | | X | | |
| 14 | PC B.3 F.1 1/11-11/11 | Resney emails with Jennifer Craft | | | X | |
| 15 | PC B. 4 530-531 | DOL findings to Clark | | | X | |
| 16 | PC F. 532/557- 550/557 | DOSH Inspection findings | | | X | |

128874.0001/6785523.1

| Ex. No. | Prod. No. or No. Pgs. | Description | No Objection | Authenticity Admitted but Objectionable | Otherwise Objectionable | Admitted |
|---|---|---|---|---|---|---|
| 17 | GS 005931 | Swiggard to Durkop email | | X | | |
| 18 | PC B.4 13/14-14/14 | Durkop to Clark email | | | X | |
| 19 | GS_13277-13281 | Swiggard to Wilson email | | | X | |
| 20 | PC F. 21 1/95-6/95 | Notice of Tort Claim) | | | X | |
| 21 | GS 005936-39 | Swiggard to Elemental | | X | | |
| 22 | PC B.4 1/14-9/14 | Enebo to Clark | | | X | |
| 23 | PC B.4 11/14-12/14 | Golden Announcement of Office Opening | | | X | |
| 24 | GS 0001896 | Swiggard – Payroll Processing Error | | X | | |
| 25 | GS 012856-58 | Changes in NW Management | X | | | |
| 26 | PC B. 5 F.1 1/2-2/2 | McCulloch to Clark re Work Distribution | X | | | |
| 27 | Demonstrative | Lost Income Documentation for Clark Based on A-1, EA 1-70, A-228 | | | X | |
| 28 | PC B.2 F.1 21-23/197 | Clark to McCulloch Email re it's vent or blow | | | X | |
| 29 | GS 1212-1215 | Swiggard to STAC (Ayers Dec. 19) | X | | | |
| 30 | GS 013536 | K Swiggard to S. Swiggard (SJ Ex. 8) | X | | | |
| 31 | PC B.3 F. 2 95/96 | Swiggard to Elam re STAC matter (provisional on MIL) | | | X | |
| 32 | GS 14720-14723 | Burrows memo on new QA Manager Training | | | X | |

128874.0001/6785523.1