1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

PAUL CLARK,

9

Plaintiff,

10

v.

C14-1412 TSZ

11

GOLDEN SPECIALTY, INC. and
SCOTT SWIGGARD,

JURY INSTRUCTIONS

12

13

Defendants.

14

15

Dated this 3rd day of November, 2016.

16

17

18

THOMAS S. ZILLY
United States District Judge

19

20

21

22

23

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 1

<u>Duty of Jury</u>


Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  These instructions will be in three parts:  first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what plaintiffs must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you must apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  And you must not read into these instructions or anything I may have said or done any suggestion as to what verdict you should return.  That is a matter entirely for you to decide.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 2

<u>Burden of Proof</u>

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  In determining whether any fact in issue has been proved by a preponderance of the evidence, you should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. 3

Evidence

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all the lawyers have agreed or stipulated.

You have also heard testimony in the form of depositions.  This testimony is also evidence from which you are to decide the facts.  You should consider deposition testimony in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.  You should draw no inference from whether these individuals were or were not physically present in court themselves.

INSTRUCTION NO. 4

Use of Interrogatories

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 5

<u>Stipulated Facts</u>

The parties have agreed, or stipulated, to the following facts.  This means that you should treat these facts as having been proved.  You should consider these facts in addition to those facts which were proved to you at trial.

1.     Defendant Golden Specialty employed plaintiff Paul Clark at its Bellingham, Washington office from June 30, 2011, until November 18, 2013.

2.     Plaintiff's direct supervisor at the time of his hire was Ron McCulloch, who then held the title of Business Development Manager.

3.     Plaintiff's offer letter from Golden Specialty described his duties as "the office's technical leader, major point of contact with established clients, and will work with the Business Development Manager and Regional staff to secure new clients, train and supervise team members and to maintain corporate business processes."

4.     Plaintiff was hired as a Project Manager by Elemental Air, Inc. on December 2, 2013.

5.     Plaintiff's salary at Elemental Air, Inc. was higher than the salary he received at Golden Specialty.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 6

<u>What is Not Evidence</u>

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.      Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

5.      Witnesses are available to be called by any party and you should draw no inference from the fact a witness did not testify.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 7

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 8

<u>Credibility of Witnesses</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.	the opportunity and ability of the witness to see or hear or know the things testified to;

2.	the witness's  memory;

3.	the witness's manner while testifying;

4.	the witness's interest in the outcome of the case and any bias or prejudice;

5.	whether other evidence contradicted the witness's testimony;

6.	the reasonableness of the witness's testimony in light of all the evidence; and

7.	any other factors that bear on believability.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses who testify.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 9

<u>Impeachment Evidence—Witness</u>

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

INSTRUCTION NO. 10

<u>Charts and Summaries</u>

Charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. 11

Liability of Corporations

Under the law, a corporation is considered to be a person, but it can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.  An act is authorized if it is a part of the ordinary course of employment of the person doing it.

The fact that a party is a corporation should not affect your decision.  All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.

INSTRUCTION NO. 12

<u>Summary of Claims</u>

Plaintiff asserts two separate claims for relief:

1.     That defendants violated the Fair Labor Standards Act by retaliating against plaintiff for complaints about Golden Specialty's failure to pay overtime;

2.     That defendants wrongfully discharged plaintiff in violation of public policy.

Defendants deny plaintiff's claims and, further, deny the nature and extent of plaintiff's claimed damages.

Defendants also assert the following affirmative defenses:

a.     Defendants would have made the same decision to discharge plaintiff even in the absence of his allegedly protected conduct; and

b.     Plaintiff failed to adequately mitigate his damages.

The foregoing is merely a summary of the claims and defenses of the parties.  You are not to take the same as proof of the matter claimed unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence.  These claims and defense have been outlined solely to aid you in understanding the issues.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 12 (page 2)

Plaintiff is asserting more than one claim, and each claim is entitled to your separate consideration. You must decide as to each claim whether the plaintiff is entitled to recover.  The fact that plaintiff is entitled to recover on one claim or as to one defendant does not mean that plaintiff is entitled to recover on another claim or as to another defendant, except as otherwise indicated in these instructions.  Similarly the fact that plaintiff is not entitled to recover on one claim or as to one defendant does not prevent plaintiff from recovering on another claim or as to another defendant, except as otherwise indicated in these instructions.

Each of defendants' affirmative defenses is also entitled to your separate consideration.

Unless otherwise stated, the instructions apply to all parties.

INSTRUCTION NO. 13

<u>First Claim: Fair Labor Standards Act—Retaliation—Elements and Burden of Proof</u>

The plaintiff seeks damages against both defendants for retaliation for complaints about Golden Specialty's failure to pay overtime in violation of the Fair Labor Standards Act.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      Plaintiff engaged in or was engaging in an activity protected under federal law, that is his complaints to and about Golden Specialty not paying him overtime wages;

2.      Golden Specialty terminated plaintiff's employment; and

3.      Plaintiff's participation in protected activity was a motivating factor in his termination.

If upon consideration of all the evidence you find that plaintiff has proved all of the elements of his first claim for retaliation, your verdict should be for plaintiff and against defendant Golden Specialty.  If, however, plaintiff fails to prove each of these elements, or defendants prove by a preponderance of the evidence that defendants would have made the same decision even if plaintiff's protected activity had played no role in plaintiff's termination, then your verdict should be for both defendants.

If your verdict is for plaintiff and against defendant Golden Specialty, you must also determine whether defendant Scott Swiggard is subject to liability.  If you find that Scott Swiggard had a significant ownership interest with operational control of significant aspects of the corporation's day-to-day functions; the power to hire and fire

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 13 (page 2)

employees; and the power to determine salaries, your verdict should be for plaintiff and against both defendants.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 14

<u>Second Claim: Wrongful Termination in Violation of Public Policy</u>

Plaintiff seeks damages against defendants for wrongful termination in violation of public policy.  Plaintiff contends he was terminated because he engaged in the following public-policy linked conduct: (a) reporting or opposing what plaintiff reasonably believed were violations of rules or regulations regarding workplace health and safety; (b) providing testimony for Shaun Farris relating to workplace health and safety concerns; and (c) reporting what plaintiff reasonably believed was a falsified emissions data sheet.  Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      The existence of a clear public policy;

2.      That plaintiff's conduct directly related to the public policy, or was necessary for the effective enforcement of the public policy, with all of you agreeing on the conduct in which plaintiff engaged; and

3.      That plaintiff's public-policy-linked conduct was a substantial factor motivating defendants to terminate plaintiff;

Substantial factor means a significant motivating factor in bringing about plaintiff's termination.  Substantial factor does not mean the only factor or the main factor.

If you find that plaintiff has proved each of these elements by a preponderance of the evidence, your verdict should be for plaintiff and against defendants unless

INSTRUCTION NO. 14 (page 2)

defendants prove by a preponderance of the evidence that they had an overriding

justification for plaintiff's termination.  If you find that plaintiff has not proved each of

these elements or that defendants had an overriding justification for plaintiff's

termination your verdict should be for defendants.

INSTRUCTION NO. 15

<u>Measure of Damages</u>

It is the duty of the Court to instruct you as to the measure of damages.  By instructing you on damages the Court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the plaintiff, you must then determine the amount of money required to reasonably and fairly compensate the plaintiff for the total amount of damages you find was caused by the defendants.  The factors you should consider are different depending on the claim.

With regard to both claims, if your verdict is for plaintiff you should consider the following:

1. <u>Economic Damages:</u>  The reasonable value of earnings lost, if any, up to the present time and, with reasonable probability, to be experienced in the future; and

2. <u>Emotional Distress:</u>  The mental and emotional pain and suffering, if any, experienced to the present time and, with reasonable probability, to be experienced in the future.

It is for you to determine, based upon the evidence, what damages, if any, have been proved.  Your award of damages must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure mental, physical, or emotional pain and suffering.  With reference to these matters, you

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 15 (page 2)

must be governed by your own judgment, by the evidence in the case, and by these instructions.

INSTRUCTION NO. 15A

<u>Damages – Mitigation</u>

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

To establish a failure to mitigate damages, a defendant must prove by a preponderance of the evidence:

1.     That plaintiff failed to use reasonable efforts to mitigate damages; and

2.     The amount by which damages would have been mitigated.

You should take into account the characteristics of the plaintiff and the job market in evaluating the reasonableness of the plaintiff's efforts to mitigate damages.

If you find that defendants have proved that plaintiff failed to use reasonable efforts to mitigate damages and the amount by which those damages would have been mitigated, you should reduce your award of damages for wages lost accordingly.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 15B

<u>Damages – Emotional Distress from Lawsuit</u>

A plaintiff is not entitled to recover damages for emotional distress resulting from participating in a lawsuit.

INSTRUCTION NO. 15C

<u>Punitive Damages</u>

If you find for plaintiff on his first claim, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Punitive damages may not be awarded against defendants on any claim other than the first claim.

The plaintiff has the burden of proving by a preponderance of the evidence punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendants' conduct was malicious, oppressive, or in reckless disregard of plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 15C (page 2)


If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility, if any, of defendants conduct.  In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on plaintiff.

INSTRUCTION NO. 15D

<u>Avoiding Double Recovery</u>

Plaintiff seeks recovery against each defendant on more than one theory of damages.  If you find that plaintiff is entitled to recover, you should indicate each measure of damages.  Your separate awards of damages could result in a duplication of damages.  You should not concern yourselves with this issue.  The Court will correct for any duplication of damages you might award so that plaintiff under no circumstances would collect a double recovery.

INSTRUCTION NO. 16

<u>Deliberation</u>

Upon retiring to the jury room for your deliberation of this case, your first duty is to select a presiding juror to act as chairperson.  It is his or her duty to see that discussion is carried on in a sensible and orderly fashion, that the issues submitted for your decision are fully and fairly discussed, and that every juror has a chance to express himself or herself and participate in the deliberations upon each question before the jury.

You will be furnished with all the exhibits, these instructions and a suitable form of verdict.

This being a civil case, all of you must agree upon a verdict.  When you have so agreed, fill in the proper form of verdict to express the results of your determination.  The presiding juror will sign and date it and announce your agreement to the clerk who will conduct you into court to declare your verdict.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 17

<u>Reaching Agreement</u>

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

Your verdict must be based solely on the evidence and on the law as I have given it to you in these Instructions.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 18

<u>Communication with Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If you send a note to me, there will be some delay in my response because I will discuss the note with the lawyers before preparing a response.

COURT'S JURY INSTRUCTIONS

INSTRUCTION NO. 19

<u>Verdict</u>

After you have reached unanimous agreement on a verdict, your presiding juror will fill in, date, and sign the verdict form and advise the court that you have reached a verdict.