UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| PAUL CLARK,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOLDEN SPECIALTY, INC. and<br>SCOTT SWIGGARD,<br><br>                    Defendants. | C14-1412 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)     Plaintiff's Motion to Amend the Judgment to Order Reinstatement, docket no. 144, is DENIED. The Court declines to modify the Judgment to include reinstatement. First, the evidence before the Court makes clear that reinstatement would be infeasible because of the significant friction created by the parties' animosity towards each other. *See Little v. Technical Specialty Products, LLC*, 940 F. Supp. 2d 460, 480 (E.D. Tex. April 15, 2013) (noting that "future wages are recoverable as an alternative to reinstatement where reinstatement is not feasible"); *see also Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1230-31 (7th Cir. 1995). Second, the jury was instructed that in calculating its award of economic damages it should consider the reasonable value of earnings lost, if any, up to the present time (*i.e.* back pay) and with reasonable probability, to be experienced in the future (*i.e.* front pay). *See* Jury Instructions, docket no. 130 at 19. Consistent with plaintiff's proposed special verdict form, docket no. 109 at 7, the Court's verdict form provided a single blank for the jury to fill in its award of economic damages without breaking out the awards for front and back pay. *See* Jury Verdict, docket no. 136 at 2. As a result, the jury's calculation of plaintiff's economic damages encompasses any front pay and any back pay the jury believed was appropriate,

MINUTE ORDER - 1

and leaves the Court no way of separating out the front pay award to grant reinstatement as an alternative. Plaintiff did not object or except to either the Court's instructions or its verdict form and therefore, has effectively elected front pay in lieu of reinstatement. Finally, reinstatement is an equitable claim which the Court declines to order under the circumstances of this case.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of December, 2016.

William M. McCool<br>
Clerk<br>
<br>
s/Karen Dews<br>
Deputy Clerk

MINUTE ORDER - 2