UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>GOLDEN SPECIALTY, INC., and SCOTT SWIGGARD,<br><br>    Defendants. | C14-1412 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on defendants' motion for new trial, docket no. 142. Having reviewed the motion and related filings, the Court enters the following Order.[1]

**Discussion**

Pursuant to Federal Rule of Civil Procedure 59 "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). "Rule 59 does not specify the [particular] grounds on which a motion for new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Instead, Rule 59 incorporates "those grounds that have been historically

---

[1] Because the parties are familiar with the facts of this case, the Court does not repeat them except as necessary for its decision.

ORDER - 1

recognized." *Id.* "Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the moving party." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2009). The Ninth Circuit has held that a "trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n. 15 (9th Cir. 2000).

      Defendants offer three arguments in support of their motion for new trial. First, defendants contend that the Court erroneously granted plaintiff's Rule 50(a) motion seeking dismissal of defendants' after-acquired evidence affirmative defense. As the Court indicated when it ruled on plaintiff's motion, however, the record is devoid of evidence that plaintiff would have been fired based on the box of original, hand-written datasheets and records discovered under his desk. No witness offered testimony that the discovery of this after-acquired evidence would have resulted in plaintiff's termination. Although Exhibit A-126 provides that "every falsification of data or timesheets has ended in a termination," the only evidence in the record is that the data was not falsified. The report from former Safety and Quality Assurance Manager Troy Burrows indicates that while plaintiff's conduct was not in compliance with the policies of Golden Specialty, Inc., "the data integrity and final test results were shown to have been maintained" and "no reports that were impacted by this discovery are found to need amendment." Exhibit A-260. The report from Reports Department Manager Paula Metz reaches essentially the same conclusion. *See* Exhibit A-212. At the time the Rule 50(a) motion was considered,

ORDER - 2

1  defendants had rested their case, and although defendants could have moved to reopen
2  the record to cure the evidentiary deficiency, they failed to do so.  Based on the record
3  before the Court at the time the motion was made, there was no legally sufficient basis
4  for a reasonable jury to find that plaintiff would have been fired as a result of the after-
5  acquired evidence and thus, it was not error for the Court to dismiss the defense.  *See*
6  Fed. R. Civ. P. 50(a).

7      Second, defendants argue that the Court improperly allowed plaintiff's counsel to
8  impeach defendant Scott Swiggard by inquiring about the United States Department of
9  Labor's ("DOL") finding that Mr. Clark was owed $16,776.61 in unpaid overtime
10 compensation.  Prior to trial, defendants filed a motion in *limine* seeking to exclude any
11 evidence of DOL's investigation, findings, and defendants' response thereto, which the
12 Court deferred to trial.  On the second day of trial, the Court excluded DOL's letter
13 explaining the findings, *see* Exhibit 15, but indicated that plaintiff would be allowed to
14 inquire about the investigation and the nature of DOL's response.[2]  During the cross
15 examination of Mr. Swiggard, plaintiff's counsel inquired into Mr. Swiggard's
16 knowledge of the adverse DOL findings in an effort to impeach his testimony on direct
17 that DOL had agreed with plaintiff's exempt classification.  Defendants objected, but the
18 Court overruled the objection.

19     Defendants contend that the Court erred in allowing Mr. Swiggard to be
20 impeached using the DOL findings because the testimony upon which plaintiff's

---

[2] It is not the case, as defendants contend, that the Court excluded all evidence concerning DOL's administrative findings.  As the Court's oral ruling makes clear, plaintiff remained entitled to show that he made a complaint, that there was some response, and the nature of that response.

ORDER - 3

1   impeachment was based concerned communications with the Washington Department of
2   Labor and Industries ("L&I") and not DOL.  Defendants complain that plaintiff's counsel
3   conflated Mr. Swiggard's testimony about his communications with L&I with the
4   findings of DOL, making it appear as though Mr. Swiggard had misrepresented DOL's
5   actions when, in fact, he had only testified regarding his interactions with L&I.  Contrary
6   to defendants' characterization, however, it was defense counsel who invited
7   impeachment by failing to make this distinction clear on direct examination.  When
8   questioning Mr. Swiggard about defendants' efforts to determine whether plaintiff was
9   properly classified as exempt, defense counsel asked specifically about the result of a
10  conversation with the Department of Labor.  As stated, Mr. Swiggard's testimony in
11  response that "they agreed with the classification for Paul Clark" may have given the jury
12  the misleading impression that DOL agreed that plaintiff was exempt, when in fact the
13  exact opposite was true.  Though it may have been counsel's intention to illicit testimony
14  concerning Mr. Swiggard's interactions with L&I, the failure to specify this intention
15  resulted in potential confusion, warranting impeachment.  Under the circumstances, it
16  was appropriate for the Court to allow plaintiff to impeach Mr. Swiggard by inquiring
17  about his knowledge of the DOL findings in order to clarify any misunderstanding
18  precipitated by his testimony on direct.
19         Finally, defendants argue that new trial is warranted because although punitive
20  damages are not available under the Fair Labor Standards Act ("FLSA") the Court
21  submitted a punitive damages instruction to the jury.  The Ninth Circuit has not yet ruled
22  on the availability of punitive damages in retaliation claims asserted under the FLSA.
23  *See Lambert v. Ackerly*, 180 F.3d 997, 1011 (9th Cir. 1999) ("[W]e do not reach the

ORDER - 4

question because the defendants have waived the issue of the availability of punitive damages by failing to raise it below."). Only two circuits *have* addressed the availability of punitive damages in this context and the circuits are split. *See Snapp v. Unlimited Concepts, Inc.*, 208 F.3d 928, 933-34 (11th Cir. 2000) (holding that punitive damages are not available under the FLSA); *Travis v. Gary Comm. Mental Health Ctr., Inc.*, 921 F.2d 108, 112 (7th Cir. 1990) (holding that punitive damages are available under the FLSA). District Courts in the Ninth Circuit have likewise split on the availability of punitive damages. *See, e.g.*, *Campbell-Thomson v. Cox Communs.*, No. CV-08-1656-PHX-GMS, 2010 WL 1814844, at *10-11 (D. Ariz. May 5, 2010) (punitive damages available); *Tumulty v. FedEx Ground Package Sys., Inc.*, No. C04-1425P, 2005 WL 1979104, at *10-11 (W.D. Wash. Aug. 16, 2005) (Pechman, J.) (punitive damages unavailable). Given the absence of authority in the Ninth Circuit on this issue, it was not error for the Court to conclude that the decisions in *Travis* and *Campbell-Thomson* reached the correct result concerning the availability of punitive damages under the FLSA.

**Conclusion**

For the foregoing reasons, defendants' motion for new trial, docket no. 142, is DENIED.

IT IS SO ORDERED.

Dated this 11th day of January, 2017.

Thomas S. Zilly
United States District Judge

ORDER - 5