1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

PAUL CLARK,

Plaintiff,

8

v.

C14-1412 TSZ

9

GOLDEN SPECIALTY, INC., AND
SCOTT SWIGGARD,

ORDER

10
11

Defendants.

12       THIS MATTER comes before the Court on plaintiff's motion for attorney's fees,

13   docket no. 147.  Having reviewed the motion and related filings, the Court enters the

14   following Order.

15   **Background**

16       Plaintiff filed this action against his former employers, Golden Specialty, Inc.

17   ("Golden Specialty") and Scott Swiggard, alleging claims for unpaid overtime wages

18   under the Fair Labor Standards Act ("FLSA") and Washington Minimum Wage Act

19   ("MWA"), for retaliatory discharge under the FLSA, for breach of contract, for tortious

20   interference with contractual relations and with business expectancies, for defamation,

21   and for wrongful discharge in violation of public policy.  *See* Second Amended

22   Complaint, docket no. 53.  On September 27, 2016, the Court dismissed plaintiff's claim

23

1    for tortious interference with business expectancies on summary judgment.  *See* Minute

2    Order, docket no. 92.  On October 29, 2016, the Saturday before trial, plaintiff moved to

3    dismiss all of his remaining claims but two: retaliatory discharge under the FLSA and

4    wrongful discharge in violation of public policy.  Motion to Dismiss, docket no. 119.  On

5    the first morning of trial, October 31, 2016, the Court granted plaintiff's motion for

6    voluntary dismissal.  *See* Minute Entry, docket no. 125.  On November 7, 2016, the jury

7    returned its verdict, docket no. 136, finding in favor of defendants on plaintiff's claim for

8    wrongful discharge in violation of public policy, but in favor of plaintiff on his claim for

9    FLSA retaliation.  The jury awarded plaintiff $108,100 in lost wages and $3,335 for

10   emotional distress, and assessed punitive damage awards of $60,000 against Golden

11   Specialty and $15,000 against Scott Swiggard.  Plaintiff now moves for attorney's fees

12   pursuant to 29 U.S.C. § 216(b).

13   **<u>Discussion</u>**

14        The FLSA authorizes an award of reasonable attorney's fees to a prevailing

15   plaintiff in anti-retaliation suits.  *Avila v. Los Angeles Police Dept.*, 758 F.3d 1096, 1104

16   (9th Cir. 2014) (citing 29 U.S.C. § 216(b)).  Plaintiff seeks $51,360.00 in fees for 85.6

17   hours of time billed by Thad Guyer at a rate of $600 per hour, and $89,257.50 in fees for

18   198.35 hours of time billed by Stephani Ayers at a rate of $450.[1]  *See* Second

19

20   _____

21   [1] There appears to have been a mathematical error in plaintiff's calculation of his attorney's fees, though
     the source of that error is unclear.  Plaintiff's spreadsheet calculates a fee total of $140,237.80.  *See*
22   Second Supplemental Decl. of Stephanie Ayers, Ex. A-2, docket no. 164-1 at 14.  But when the number
     of "Hours Claimed" by Mr. Guyer (85.6) and Ms. Ayers (198.35) are multiplied by their respective hourly
     rates, the total fees for both attorneys are $140,617.50.  The Court presumes that the raw data provided by
23   Mr. Guyer and Ms. Ayers is correct.  Accordingly, the Court calculates plaintiff's requested fees based on

ORDER - 2

1  Supplemental Decl. of Stephani Ayers, docket no. 164 at ¶ 3 & Ex. A-2, docket no. 164-1

2  at 13-14.  In total, plaintiff's motion seeks $140,617.50 in attorney's fees.[2]  Defendants

3  do not contest plaintiff's entitlement to attorney's fees.  They challenge only the

4  reasonableness of the fees claimed.

5      The first step in determining the amount of a reasonable fee is to calculate the

6  lodestar figure by taking the number of hours reasonably expended on the litigation and

7  multiplying it by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34

8  (1983).   Although in most cases the lodestar figure is presumptively a reasonable fee

9  award, the district court may, if circumstances warrant, adjust the lodestar to account for

10  other facts which are not subsumed within it," including the complexity of the issues, the

11  skill required, and the results obtained.  *See Camacho v. Bridgeport Financial*, 523 F.3d

12  973, 978 (9th Cir. 2008).

13  **A. Reasonable Hourly Rate**

14      Reasonable attorney's fees "are to be calculated according to the prevailing market

15  rates in the relevant community."  *See Van Skike v. Director, Office of Workers'*

16  *Compensation Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (quoting *Blum v. Stenson*,

17  465 U.S. 886, 895 (1984)).  "Generally, when determining a reasonable hourly rate, the

18  relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport*

19  *Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  "[T]he burden is on the fee applicant

20

21  the number of "Hours Claimed" by each attorney multiplied by their requested hourly rate, rather than use
the total figures provided by counsel which appear to have been calculated improperly.

22  [2] Plaintiff has made certain reductions to the hours expended in an attempt to reflect the amount of work
that went towards the FLSA retaliation claim that was ultimately successful.  *See* Decl. of Stephani Ayers,
docket no. 146 at ¶ 11.

23

ORDER - 3

1   to produce satisfactory evidence . . . that the requested rates are in line with those

2   prevailing in the community for similar services by lawyers of reasonably comparable

3   skill, experience and reputation." *Id.* at 980 (quoting *Blum*, 465 U.S. at 895 n. 11).  Rate

4   determinations in other similar cases and affidavits of the plaintiff's attorneys and other

5   attorneys regarding prevailing fees in the community "are satisfactory evidence of the

6   prevailing market rate." *Id.* (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*,

7   896 F.2d 403, 407 (9th Cir. 1990)).

8   **1. Attorney Guyer**

9       Mr. Guyer has 38 years of civil rights and criminal trial experience and has

10  practiced both nationally and internationally.  Guyer Decl., docket no. 145 at ¶ 1.  Mr.

11  Guyer requests an hourly rate of $600.  In support of this hourly rate, plaintiff submits

12  declarations from Jack Sheridan and Gregory Wolk, Seattle area employment attorneys

13  who opine that Mr. Guyer would command an hourly rate between $500 and $600 an

14  hour in light of his significant experience.  Decl. of Thad Guyer, docket no. 145, Exs. 1 &

15  2.

16      Defendants assert that Mr. Guyer's requested hourly rate is unreasonable in this

17  district and that a reasonable rate for Mr. Guyer would be $450 per hour.  Defendants do

18  not offer any declarations regarding the prevailing rate in this judicial district.  Instead,

19  defendants contend, with citation to several cases,[3] that attorneys "in the Western District

20

21  [3] Only one of the cases defendants cite was decided in the last two years and that case involved an
    attorney with only ten years of practice experience.  *See Fulton v. Livingston Fin. LLC*, No. C15-0574
22  JLR, 2016 WL 3976558, at * 4 (W.D. Wash. July 25, 2016).  Accordingly, these cases are poor
    comparators and provide very limited support for the conclusion that the Court should reduce Mr. Guyer's
23  hourly rate below the range identified in the declarations of Mr. Sheridan and Mr. Wolk.  *See Charlebois*

1  pursuing consumer and employment claims are rarely compensated for hourly rates in

2  excess of $450 for attorneys of Mr. Guyer's vintage."  Defs.' Opposition, docket no. 155

3  at 7.  It is not the case, however, that Courts in this district have refused to approve rates

4  above $450.  *See, e.g.*, *Conti v. Corporate Services Group, Inc.*, 30 F. Supp. 3d 1051,

5  1080 (W.D. Wash. Jul. 10, 2014) (noting, in 2014, that $500 is "near the upper end of the

6  range of rates that experienced employment counsel charge in this District"); *Lauer v.*

7  *Longevity Medical Clinic PLLC*, 2016 WL 2595122, at *3 (W.D. Wash. May 4, 2016)

8  (finding a $500 hourly rate reasonable in light of lead counsel's experience in

9  employment cases).  None of the cases defendants cite involved an attorney with Mr.

10  Guyer's level of trial experience.  Mr. Guyer was an exemplary advocate who provided

11  remarkably high quality representation and achieved a well-fought victory for his client.

12  Plaintiff has met his evidentiary burden by producing satisfactory evidence that an hourly

13  rate between $500 and $600 for Mr. Guyer is commensurate with lawyers of reasonably

14  comparable skill, experience, and reputation in the community.  This range of rates is in

15  line with the Court's own knowledge and experience regarding fees charged in this

16  district by similarly skillful litigators with more than 35 years of experience.  Defendants

17  have produced no evidence, other than citation to a few cases which offer poor

18  comparisons for Mr. Guyer's work, to rebut the accuracy or reasonableness of the hours

19  charged or the facts asserted in the declarations submitted by the plaintiff.  *See Gates v.*

20

21  *v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1121 (C.D. Cal. 2012) ("While past fee rates may be useful

22  evidence to show a floor below which a court's fee calculations should not drop, past fee rates in no way
    support the conclusion that a court should reduce the fees in the present case to the rates awarded in the

23  past.").

1   *Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ("The party opposing the fee

2   application has a burden of rebuttal that requires submission of evidence to the district

3   court challenging the accuracy and reasonableness of the hours charged or the facts

4   asserted by the prevailing party in its submitted affidavits." (citing *Blum*, 465 U.S. at 892

5   n. 5)).   Given the breadth of Mr. Guyer's experience, the high quality representation he

6   provided, and the dearth of relevant evidence submitted by the defendants in support of

7   their contention that an hourly rate between $500 and $600 for Mr. Guyer is excessive,

8   the Court concludes that an hourly rate of $550 is reasonable.   Mr. Guyer was worth

9   every penny.

10        **2.  Attorney Ayers**

11        Ms. Ayers was second chair at trial and has approximately 13 years of

12   employment litigation experience.   *See* Decl. of Stephani Ayers, docket no. 146 at ¶ 5.

13   Ms. Ayers requests an hourly rate of $450.   In support of this hourly rate, plaintiff relies

14   on the declarations of Mr. Sheridan and Mr. Wolk who opine that Ms. Ayers would

15   command an hourly rate between $300 and $500 an hour.   Decl. of Thad Guyer, docket

16   no. 145, Ex. 1 at ¶ 8 & Ex. 2 at ¶ 8-9.   Defendants argue that Ms. Ayers's requested

17   hourly rate of $450 is excessive for an attorney of her vintage and that a reasonable rate

18   for Ms. Ayers would be $300 per hour.   Having reviewed recent fee awards in this

19   district, the Court concludes that an hourly rate of $350 for Ms. Ayers is commensurate

20   with lawyers of reasonably comparable skill, experience, and reputation in the

21   community.   *See, e.g.*, *Fulton*, 2016 WL 3976558 at * 4 (Reasonable rate for attorney in

22   an FDCPA action with approximately ten years of experience was $300); *BWP Media*

23

ORDER - 6

*USA Inc. v. Rich Kids Clothing Co., LLC*, 103 F. Supp. 3d 1242, 1250 (W.D. Wash. May 1, 2015) ($350 an hour was a reasonable rate for an attorney with nineteen years of experience in infringement action); *Hanson v. County of Kitsap, Wash.*, No. 13-5388 RJB, 2015 WL 3965829, at *4 (W.D. Wash. June 30, 2015) (approving a $400 hourly rate for an attorney with over 20 years of experience and a $350 hourly rate for the two other attorneys with less experience who worked on the case).  This billing rate is in line with the Court's knowledge and experience regarding the fees charged in this district by attorneys with Ms. Ayers's background.

**B. Hours Reasonably Expended**

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  In determining the appropriate number of hours to be included in the lodestar calculation, a district court should, however, exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008).  Plaintiff requests fees for 85.6 hours expended by Mr. Guyer and 198.35 hours expended by Ms. Ayers.

Defendants make two specific objections to the hours expended by plaintiff's attorneys.  Defendants first argue that the Court should not award fees for the 9.05 hours expended prior to the filing of plaintiff's complaint because the time entries for this work are too nonspecific to determine whether they were related to the sole claim on which plaintiff prevailed.  The majority of these hours, however, are claimed in a time entry that

1   contains a description of work clearly indicating that the hours were related to plaintiff's

2   FLSA retaliation claim.  *See* Supplemental Decl. of Stephani Ayers, Ex. A, docket no.

3   148-1 at 2 (recording 7.5 hours for "Research FLSA case law, FLSA retaliation claims,

4   review client documents for filing complaint.").  As plaintiff points out, the remaining

5   1.55 hours of pre-filing work were spent on litigation planning and coordination

6   activities, such as workload and representation arrangements, which would have been

7   required even if plaintiff had never asserted its unsuccessful claims.  All of these hours

8   were reasonably expended on the litigation and are therefore compensable under the

9   rationale of *Hensley*.  *See Webb v. Board of Educ. Of Dyer County, Tenn.*, 471 U.S. 234,

10  243 (1985); *see also ATL, Inc. v. City of Seattle*, No. C09-1240 RSL, 2012 WL 1949044,

11  at *2 (W.D. Wash. May 29, 2012) (pre-suit work is compensable where that work was

12  "both useful and of a type ordinarily necessary to advance the . . . litigation").

13          Defendants also argue that the Court should exclude 7.5 hours of time Mr. Guyer

14  expended preparing the declarations of Mr. Sheridan and Mr. Wolk.  This argument

15  misinterprets the relevant billing entry, which states "Draft declarations for Wolk and

16  Sheridan, motion, consult with local attorneys re reasonable rates."  Second Supplemental

17  Ayers Decl., Ex. A-2, docket no. 164-1 at 13.  The 7.5 hours listed in this time entry is

18  the total sum of hours claimed by Mr. Guyer for researching and drafting the motion for

19  attorney's fees, drafting the declarations of Mr. Sheridan and Mr. Wolk, and consulting

20  with local attorneys regarding reasonable rates in the community.  Taking into account all

21  of the activities listed in the relevant billing entry, the number of hours claimed by Mr.

22  Guyer are reasonable.

23

ORDER - 8

1

## C. Lodestar Calculation

2

3       The lodestar amount for work performed by plaintiff's attorneys is $116,502.50,

4   calculated by multiplying the hours awarded to each attorney by the reasonable hourly

5   rate determined above.

| Attorney | Hours Requested | Hours Awarded | Hourly Rate | Pre-Adjustment Lodestar |
|---|---|---|---|---|
| Thad Guyer | 85.6 | 85.6 | $550 | $47,080.00 |
| Stephani Ayers | 198.35 | 198.35 | $350 | $69,422.50 |
| **TOTAL** | | | | **$116,502.50** |

8

## D. Adjustment to Lodestar

9

10      After the Court determines the lodestar amount, it must then consider whether an

11  upward or downward adjustment of the fee is warranted based on factors such as the

12  extent of the plaintiff's success in the litigation.  *See Hensley*, 461 U.S. at 434.  A

13  plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims

14  unrelated to those on which the plaintiff prevailed.  *See McCown*, 565 F.3d at 1103.

15  Claims are related where they "involve a common core of facts or [are] based on related

16  legal theories" and are unrelated if they are "distinctly different claims for relief that are

17  based on different facts and legal theories." *Hensley*, 461 U.S. at 434-35.  Here, plaintiff

18  prevailed only on his claim for FLSA retaliation.  Plaintiff's claims for FLSA retaliation

19  and for wrongful discharge in violation of public policy are clearly related because they

20  are based on related legal theories—that defendants terminated plaintiff due to his

21  engagement in protected activity—and "involve a common core of facts" concerning the

22  motivation for plaintiff's discharge.  The remainder of plaintiff's claims, however, are

23  unrelated to the FLSA retaliation claim on which he prevailed.

ORDER - 9

1    In addition to plaintiff's claims for FLSA retaliation and wrongful discharge in

2  violation of public policy, plaintiff alleged claims for unpaid overtime wages under the

3  MWA and FLSA, breach of contract related to defendants' failure to provide certain

4  revenue based salary increases, tortious interference with contract and business

5  expectancies which arose after plaintiff's termination, and defamation.  Each of these

6  claims is premised on facts and legal theories unrelated to the motivation for plaintiff's

7  discharge and are intended to remedy a course of conduct that is entirely distinct from the

8  conduct which gave rise to defendants' liability for FLSA retaliation.[4]  These claims are

9  therefore unrelated to plaintiff's successful FLSA retaliation claim.  *See Schwarz v.*

10  *Secretary of Health and Human Services*, 73 F.3d 895, 903 (9th Cir. 1995) (claims

11  "intended to remedy a course of conduct entirely distinct and separate from the course of

12  conduct that gave rise to the injury on which the relief granted is premised" are unrelated

13  under *Hensley*).

14    Once a district court concludes that a plaintiff has pursued unsuccessful claims

15  that are unrelated to the successful claim, its task is to exclude from the calculation of a

16  reasonable fee all hours spent litigating the unsuccessful claims.  *Schwarz*, 73 F.3d at

17  904.  In excluding such hours from the fee calculation, the district court "may attempt to

18  identify specific hours that should be eliminated, or it may simply reduce the award to

19  _____

20  [4] Indeed, to prevail on his FLSA retaliation claim, plaintiff was not required to prove that he was entitled
to overtime wages that remained unpaid, that defendants breached plaintiff's employment contract by

21  failing to provide certain salary increases, that defendants intentionally interfered with plaintiff's
contractual relations or business expectancies for an improper purpose, or that defendants made certain

22  statements that were provably false; he only needed to show that he complained about not being paid
overtime wages (regardless of whether he was entitled to those wages and whether the wages were
unpaid) and that his complaints were a motivating factor in his termination.

23

ORDER - 10

1   account for the limited success." *Id.*  The district court necessarily has discretion in

2   making this equitable judgment.  *Id.*  Because plaintiff's counsel utilize block billing, it is

3   difficult, if not impossible, for the Court to intelligibly identify and eliminate specific

4   hours expended on the unsuccessful, unrelated claims.  Thus, to appropriately account for

5   plaintiff's limited success, the Court will apply a percentage reduction to the fees

6   claimed.

7           Applying such reduction to the total fees incurred, however, would be

8   inappropriate given that all but one of plaintiff's unsuccessful, unrelated claims were

9   voluntarily dismissed on the first day of trial.  The hours claimed by plaintiff's counsel

10  after the Court granted plaintiff's motion for voluntary dismissal were expended

11  exclusively in relation to plaintiff's claims for FLSA retaliation and wrongful discharge

12  in violation of public policy, and thus are fully compensable.  Accordingly, the Court will

13  reduce the fees generated by plaintiff's attorneys prior to October 31, 2016—the first day

14  of trial—by 40% to reflect plaintiff's limited success.[5]

15          Mr. Guyer billed 19.85 hours prior to trial, totaling $10,917.50 in fees at a rate of

16  $550 an hour.  Ms. Ayers billed 140.8 hours prior to trial, totaling $49,280.00 in fees at a

17  rate of $350.  Applying the 40% reduction to plaintiff's pretrial fees, the fee award for

18  Mr. Guyer is reduced by $4,367.00 and the award for Ms. Ayers is reduced by

19  $19,712.00, resulting in a total fee award of $92,423.50:

20

21  _____

22  [5] Though plaintiff's unsuccessful claims represent more than 40% of the total claims alleged, the Court finds that a greater reduction of pretrial fees would be inappropriate.  A 40% reduction adequately accounts for the limited success plaintiff achieved.

23

ORDER - 11

| Attorney | Hours Awarded | Hourly Rate | Pre-Adjustment Lodestar | Lodestar Adjustment | Total Fees Awarded |
|---|---|---|---|---|---|
| Thad Guyer | 85.6 | $550 | $47,080.00 | ($4,367.00) | $42,713.00 |
| Stephani Ayers | 198.35 | $350 | $69,422.50 | ($19,712.00) | $49,710.50 |
| **TOTAL** | | | | | **$92,423.50** |

**Conclusion**

For the foregoing reasons, plaintiff's motion for attorney's fees, docket no. 147, is GRANTED in part and DENIED in part.  The Court awards plaintiff reasonable attorney's fees in the amount of $92,423.50.


IT IS SO ORDERED.

Dated this 8th day of February, 2017.


Thomas S. Zilly
United States District Judge

ORDER - 12